

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 11, 1962

Honorable Bradley Miles
County Attorney
Taylor County
Abilene, Texas

Opinion No. WW-1373

Re:  Group Life Insurance for
County Officials and Employees.

Dear Mr. Miles:

Your predecessor in office has requested an opinion of this
office relating to group life insurance for County officials and employees,
and we quote the following excerpt from that request:

"Taylor County, in March of 1959, entered into a
Group Life Insurance Policy with a Company by and
through its Commissioners' Court.  All the necessary
requisites as to the provisions of the policy, the bene-
ficiaries, etc., were met.  My question was whether
or not Taylor County could enter into a contract for a
group of its Officials and Employees?"

The pertinent provisions of the Texas Insurance Code are the
following portions of Articles 3.50 (Group Life Insurance) and 3.51
(Group Insurance for Employees of State and Its Subdivisions and College
and School Employees).

Article 3.50:

"Sec. 1.  Definitions. - No policy of group life in-
surance shall be delivered in this State unless it conforms
to one of the following descriptions:

"(1) a policy issued to an employer, . . . which em-
ployer . . . shall be deemed the policyholder, to insure
employees of the employer for the benefit of persons other
than the employer, . . .

". . .

"(3) A policy issued to any association of employees
of the United States Government or. . . any association of
. . . county employees, and any association of any

combination of state, county or city, town or village
employees. . . to insure the . . . members of any
association of . . . county . . . employees . . ."

Article 3.51:

"Sec. 1. (a) The State of Texas and each of its
political, governmental and administrative subdivi-
sions . . . are authorized to procure contracts insur-
ing their respective employees . . . under a policy
or policies of group health, accident, accidental
death and dismemberment, and hospital, surgical,
and/or medical expense insurance . . .

"Sec. 2. All group insurance contracts effected
pursuant hereto shall conform and be subject to all the
provisions of any existing or future laws concerning
group insurance. "

Although a county is an 'employer' with respect to its 'employees'
it is not so with respect to its 'officials'; in any event the general language
of Article 3.50 is limited by the specific language in Article 3.51, limiting
the types of group insurance for which a county is authorized to contract.
Article 3.51 does not, it should be noted, include life insurance.

In addition to this apparent prohibition in Articles 3.50 and 3.51
against a county's entering into such a contract for life insurance, there
is no specific affirmative grant of the power to make such a contract in
either the Constitution or the statutes of Texas, and the powers of a county
are, of course, limited to those specifically granted or necessarily implied
from other powers specifically granted.

Finally, aside from its status as a municipal corporation, it is
unlikely that there exists in the absence of statute an insurable interest
in its officials and employees on the part of the County. See, e.g.,
Cheeves v. Anders, 87 Tex. 287, 28 S.W. 274 (1894).

## SUMMARY

A County is not authorized to con-
tract for group life insurance on the
lives of its officials and employees.

Yours very truly,

WILL WILSON
Attorney General of Texas

By-Coleman Gay, III
Coleman Gay, III
Assistant

CG:lmc

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman
Dudley D. McCalla
Howard Mays
Winston Crowder
J. C. Davis

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore